## TILLOU v. HUTCHINSON.

If the bill of particulars is not calculated to mislead, it shall be deemed sufficient, unless upon affidavit, or other satisfactory evidence of surprise by the adverse party. The bill may be amended. All notices in matters of practice in this court, whether such notices be required by the practice act, or by the rules of this court, must be in writing, unless otherwise expressed in the act of Assembly, or in the rule of this court, requiring the same.

The plaintiff declared on a promissory note for three hundred and twenty-five dollars, dated the 19th February 1825, made by James Hunt, payable to the defendant, or order, at the State Bank in Trenton, sixty days after date, without defalcation or discount; endorsed by the defendant, to the plaintiff. The declaration was in due form, and the cause came on to be tried on the general issue. The signatures of the drawer and endorser, and due demand of payment, and notice of non payment being admitted, the note and endorsement, were read in evidence; and the plaintiff rested. Thereupon the counsel for the defendant, objected that the note offered and read in evidence to the jury, was variant from the copy furnished by the plaintiff's attorney, to the attorney for the defendant; and the note produced and read in evidence, was for the sum of three hundred and twenty-five dollars—whereas the copy was of a note for three hundred and seventy-five dollars. In *all* other respects, they were admitted to be the same. In support of this objection, S. R. Hamilton, Esq., attorney for the defendant,

testified, that he made a demand of the plaintiff's attorney, of a copy of the note on which the declaration was founded—that afterwards, the writing shown by the witness, and purporting to be such copy, was delivered to him, at the office of the plaintiff's attorney, by his clerk—upon these facts, the Judge overruled the note, and the plaintiff was non-suited.

*Wall,* for the plaintiff, moved to set aside this non-suit; and for leave to amend the bill of particulars, furnished to the defendant's attorney.

*Hamilton, contra.*

The opinion of the court was delivered by

HORNBLOWER, C. J. By the 54th *Section* of the practice act, *Rev. Laws,* 421, the defendant or his attorney, at any time *before plea pleaded,* has a right to require, and the plaintiff or his attorney if required, is bound to deliver to the defendant or his attorney, a copy of any bond, bill or note, on which the declaration is founded. If regularly required, the plaintiff or his attorney must deliver such copy, at his peril. But the requisition should appear to have been made "before plea pleaded," and *in writing.* All *notices* in matters of practice in this court, whether such notices be required by the practice act, or by the rules of this court, must be in writing, unless otherwise expressed in the act of Assembly, or in the rule of this court, requiring the same. In this case, the demand was made by parol; and whether before or after plea pleaded, does not appear by the state of the case. Now I think, if a party would inflict so severe a penalty on his adversary, as to subject him to a non-suit, *if plaintiff,* or the loss of his set off, or other defence, *if defendant,* on the ground of a discrepancy between the document offered, and the copy furnished, he ought to show himself strictly and entirely within the provisions of the practice act, and the rules of this court. He ought to show, that he had called on his adversary for a copy, or a particular, in a lawful manner, and in due season. The consequences that may fall on suitors, are too severe to be visited on them, upon the ground of out-door conversations, or informal communications between the attorneys.

Tillou *v.* Hutchinson.

It is a standing rule of this court, *printed rules*, 17, that no admissions, consents or agreements, made out of court, by parties or attorneys, in relation to matters of practice, shall be taken notice of in this court, or " be in any way established or proved," unless reduced to writing, and signed by the persons making the same.

·Now if the plaintiff's attorney *agreed* to waive a demand in writing, such agreement ought to have been established in the manner prescribed in the rule. But without insisting upon that, I am of opinion that if this copy had been delivered in compliance with a written demand, made in due season, the note ought not to have been rejected, unless upon an affidavit of surprise, by the adverse party. The note had been truly described in the declaration, and corresponded in date and in every other particular, with the copy furnished, except in the amounts. Unless therefore, the defendant had given more than one note of *that* date, payable to the *same* person, at the *same* period, and at the *same* place, he could not have been surprised or prejudiced. In *McNair* v. *Gilbert*, 3 *Wend. R.* 344, the notes were described in the particular, as being *on interest*, when they were not so. The objection was overruled ; and the court say, " the true rule on the subject, seems to be, that variances are immaterial, unless they are calculated to mislead."

In *Day* v. *Bower*, 1 *Camp. N. P.* 69, *in note*, a mistake had been made in the particular, by charging £83.13.6, with the usual mercantile abbreviation of *ditto, ditto*, under a wrong name ; thus reading as if the payment had been made to the person last named, instead of the person named in the next preceding line but one. Lord ELLENBOROUGH, refused to exclude the evidence of that payment, unless the defendant would make affidavit that he had been misled by the particular. In *Davis* v. *Edwards*, 3 *M. and S.* 380, in debt for rent ; the premises were in A, but were described as in B ; but it was considered immaterial, unless the defendant would show he held other premises of the plaintiff in B. In *Temmy* v. *Gibbs*, 3 *Bing. R.* 3, which was ejectment for non-payment of rent, a variance between the rent proved, and the amount stated in the particular, was disregarded. In *Millwood* v. *Walter*, 2 *Taunt.*

224, the work was charged in the particular, as done in August, instead of May. MANSFIELD, Chief Justice, said, " the bill of particulars must not be made the instrument of that injustice, which, it is intended to prevent. If there had been *two* demands ; one for work done in May, and another in August, there might have been some ground for the objection,"—and in a case referred to, in *Manning's Index,* 240, the particular specified a bill of a certain day for £60, but the evidence was of a bill for £63, of a *different day,* but the *same year and month ;* and ABBOTT, Justice, held the variance immaterial. See other cases cited in 2 *Saund. pl. and evid.* 246. I do not say, that we ought to go the length of all these cases ; but I think we may extract from them, this reasonable rule ; that if the particular is not calculated to mislead, it shall be deemed sufficient, unless upon affidavit or other satisfactory evidence of surprise, by the adverse party.

· Upon the authority of the case of *The Meadow Company* v. *The Rector, &c. ante* 52, lately decided in this court, I think we should set aside this non-suit, on payment of costs, even if the variance had been a fatal one ; but as it is, the rules applied for, must be granted without costs.

*Rules granted.*

CITED in *Gulick* v. *Loder,* 3 *Gr.* 419.